UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL DAYSON,

        Plaintiff,                       Case No. 1:12-cv-1309

v.                                        Honorable Gordon J. Quist

ROBERT J. KLEINE et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff James Michael Dayson presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility. He sues former Michigan State Treasurer Robert J. Kleine, former MDOC Director Patricia Caruso, and former Michigan Attorney General Michael Cox.

Plaintiff purports to bring this action on behalf of himself, two other named prisoners, and the class of MDOC inmates. He contends that Defendants conspired to use their positions to create financial reports on prisoners, to estimate the total cost of care per prisoner, and to seek reimbursement of those costs by way of lawsuits brought under the State Correctional Facility Reimbursement Act (SCFRA), MICH. COMP. LAWS §§ 800.401-800.407. Plaintiff claims that Defendants knew that prisoners had limited ability to defend themselves and limited access to legal resources. He therefore concludes that Defendants have conspired to and succeeded in depriving prisoners of their right to due process by taking their property under the act.

## Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that

- 3 -

the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff lacks standing to assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "in all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only with respect to his own claims. Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Therefore, as a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *Id.*; *see also O'Malley v. Brierley*,

477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978).

In addition, Plaintiff's request for class certification is meritless. For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). It is well established that *pro se* litigants are inappropriate representatives of the interests of others. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Marr v. Mich.*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. April 25, 1996). Accordingly, because Plaintiff is an incarcerated, *pro se* litigant, the Court finds that he is not an appropriate representative of a class.

Arguably, Plaintiff intends to challenge the result of an SCFRA enforcement action that was previously brought against him in state court. Under Michigan law, the SCFRA permits the attorney general to recover prisoner assets on behalf of the MDOC to help pay for the costs of confinement. Under section 401a of the act, the SCFRA defines assets and exclusions from assets. MICH. COMP. LAWS § 800.401a. The act requires all MDOC prisoners to complete a form detailing all prisoner assets, *see* MICH. COMP. LAWS § 800.401b, and directs the attorney general to investigate the availability of assets and determine whether in relation to the costs of incarceration those assets are sufficient to permit recovery of 90% of the estimated cost of a prisoner's care or 90% of the cost of care for two years, whichever is less. MICH. COMP. LAWS § 800.403. Section 800.404 of the act then sets forth the mechanism for the recovery of such assets, which requires the filing of a complaint in the circuit court in the county in which a prisoner was sentenced. The

section further provides service of the action on the prisoner, a hearing on the complaint, a determination of the court that there exist recoverable assets under the act, and an order authorizing recovery of such assets. *Id.*

To the extent that Plaintiff raises a challenge to the outcome of an enforcement proceeding that was previously brought against him, this Court lacks jurisdiction over the case. "The Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *See Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citing *Lance v. Dennis*, 546 U.S. 459 (2006). The *Rooker-Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court. A federal court has no authority to review complaints about injuries caused by a state-court judgment rendered before the federal proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Abbott*, 474 F.3d at 128. Even constitutional claims that are inextricably intertwined with the state-court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)).

Plaintiff's claim involving any prior enforcement proceeding would be "inextricably intertwined" with decisions of the state courts because it would amount to nothing more nor less than a prohibited appeal from the decisions of the Michigan state courts in recovering assets from Plaintiff as reimbursement by way of an enforcement action under MICH. COMP. LAWS § 800.404. *See Abbott*, 474 F.3d at 330 (affirming district-court determination that a challenge to the result of a particular SCFRA enforcement action was barred by the *Rooker-Feldman* doctrine).

The *Rooker-Feldman* doctrine, however, does not bar a federal court from exercising jurisdiction where the Plaintiff makes a general challenge to the constitutionality of the state law, rather than a challenge to the law as applied in a particular state case. *Abbott*, 474 F.3d at 328. However, Plaintiff's allegations fail to state a facial challenge to the State Correctional Facility Reimbursement Act. "[A] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). State legislative acts are presumed to be constitutional, and a reviewing court may find an act invalid only when no reasonable interpretation will sustain it.

Plaintiff makes no allegation that the statute permits Defendants to take a prisoner's property without due process. He does not contend that Defendants are permitted under the statute to interfere with a prisoner's exercise of his due process rights. Instead, he simply suggests that prisoners, who lack legal knowledge and are restricted in their library privileges, are hampered in the exercise of their due process rights.

The SCFRA expressly authorizes recovery of prisoner assets to pay for the cost of their care. The act defines "assets," "cost of care," and exceptions under the act for a homestead valued up to $50,000.00 and the prisoner's obligation to support a spouse or dependents. *See* MICH.

COMP. LAWS §§ 800.401a, 800.404. The act expressly requires the state to accomplish any such recovery in a civil action in the circuit court, providing for notice, a hearing, and a reasoned determination before such assets are ordered taken. *See* MICH. COMP. LAWS § 800.404. "Due process generally requires 'notice and an opportunity to respond.'" *Abbott*, 474 F.3d at 331 (quoting *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 546 (1985)). On its face, therefore, the state procedures clearly permit Defendants to recover assets only after a prisoner has received due process of law. As a result, Plaintiff's facial challenge to the constitutionality of the SCFRA, MICH. COMP. LAWS §§ 800.401-800.407, is without merit.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: March 22, 2013                         /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE